UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WF MASTER REO, LLC, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 23-cv-3771 |
| : | |
| JEFFREY HOUSER, *et al.*, : | |
|     Defendants. : | |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                            **January 18, 2024**
**United States District Judge**

      Currently before the Court is a *pro se* Notice of Removal filed by Jeffrey Houser and Houser's Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1, 2.) Also before the Court is a First Motion to Remand filed by WF Master REO LLC ("WF Master"). (ECF No. 6.) For the following reasons, the Court will grant Houser leave to proceed *in forma pauperis* and will also grant WF Master's Motion to Remand and remand this case to the Court of Common Pleas of Northampton County.

**I.**     **FACTUAL ALLEGATIONS**[1]

      The state court Complaint at issue was filed in the Court of Common Pleas of Northampton County on or about March 15, 2022 and is docketed at No. C-48-CV-2022-1498 (C.P. Northampton). (ECF No. 2-1.) The Complaint asserts a claim for ejectment against Jeffrey D. Houser, Carol A. Houser, and "any and all current occupant(s)" of property at 5355 Monocacy Drive in Bethlehem, Pennsylvania following Sheriff's sale of the property to WF

---

[1]     The facts set forth in this Opinion are taken from Houser's Notice of Removal and the attachments thereto. The Court adopts the pagination assigned by the CM/ECF docketing system.

Master REO, LLC.  (*Id.* at 3.)[2]  Houser removed the action to this Court on September 21, 2023 pursuant to 28 U.S.C. § 1441 and alleges jurisdiction under §§ 1331 and 1332.  (ECF No. 2 at 1.) Houser asserts that the overarching banking and financial regulations related to federally backed mortgages such as his were used by WF Master to deprive him of his property.  (*Id.* at 2.)  He argues that the pervasive federal regulation and the "socialization" of residential housing render the ejectment action a matter of federal law.  (*Id.* at 3.)  Houser asks that the removal petition be construed as a petition for injunctive relief, and that the Court impose a constructive trust to permit the parties time to "sort out the balance of royalties and equities," and adjudicate his 14th Amendment due process claim.  (*Id.* at 2.)  Houser also asserts an Equal Protection claim.  (*Id.* at 8.)  He claims that he will suffer irreparable harm as a result of the ejectment action.  (*Id.* at 5.)

---

[2]   It is not clear whether Houser intends to remove on behalf of Carol Houser and/or the unnamed "current occupants" of the property.  He may not do so.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )).  Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts.  *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit).  The Court will therefore treat the notice of removal as filed by Houser only.

A copy of the state court Complaint is attached to the Notice of Removal. (ECF No. 2-1.) Plaintiff therein is identified as WF Master REO, LLC, a limited liability corporation with an address in Highlands Ranch, Colorado. (*Id.* at 3.) As noted above, the named Defendants are Jeffrey D. Houser, Carol A. Houser, and "any and all current occupant(s)" of 5355 Monocacy Drive, Bethlehem, Pennsylvania ("the Property"). (*Id.*) The Complaint alleges that WF Master is the owner of the Property by virtue of a Deed from the Sheriff of Northampton County to WF Master recorded on January 6, 2022 at Instrument # 2022000901, Book 2022-1, Page 8957 in the Recorder's Office of Northampton County. (*Id.*) The Complaint alleges that WF Master is entitled to immediate possession of the Property. (*Id.*) Additionally, it claims that WF Master demanded possession from the Defendants, who have refused to deliver possession. (*Id*. at 4.) Based on these facts, the Complaint seeks possession of the Property. (*Id*)

On October 10, 2023, WF Master filed a timely Motion to Remand this action to the Court of Common Pleas of Northampton County on the ground that it was improperly removed in violation of the forum defendant rule, among other reasons. (ECF No. 6.) Houser did not file a response to the Motion and the time to do so has long passed. *See* L.R. 7.1(c).

## II.   STANDARD OF REVIEW

The removal of cases to federal court is governed by 28 U.S.C. § 1441. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Jurisdiction may be based on federal question or diversity grounds. *Ditech Financial LLC v. Smith*, No. 16-243, 2017 WL 4685186, at *1 (W.D. Pa. Oct. 17, 2017) (quoting *In Re Plavix Liab. & Mktg. Litig.*, No. 33-13-CV-3610-FLW,, 2014 WL 495654, at *2 (D.N.J. 2014)).

Where jurisdiction is premised on diversity of citizenship, removal is improper if it violates the "forum defendant rule." That rule provides, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Because removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, it is clear under section 1447(c) that this irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal. *See, e.g., Shell Oil,* 932 F.2d at 1522–23." *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.,* 66 F.3d 46, 50–51 (3d Cir. 1995). Moreover, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (other citations omitted)).

**III.   DISCUSSION**

Initially, the Court grants Houser leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.

Houser asserts jurisdiction based on both federal question and diversity jurisdiction. (ECF No. 2 at 1.) WF Master asserts that federal question jurisdiction does not exist, and that, notwithstanding the existence of original jurisdiction, the case was improperly removed in violation of the forum defendant rule. (ECF No. 6-2 at 2-3.) For the following reasons, WF Master is correct, and this case must be remanded to state court.

In removal cases, the existence of federal question jurisdiction under 28 U.S.C. § 1331 is determined under the well pleaded complaint rule, which provides that federal question

jurisdiction is established when the face of a properly pleaded complaint asserts a federal question. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Here, WF Master's state court Complaint asserts only an action in ejectment, which is entirely a state court claim. *See Lott v. Duffy*, 579 F. App'x 87, 89-90 (3d Cir. 2014) (United States Court of Appeals for the Third Circuit has made clear that an "ejectment action . . . is governed by state law, . . . does not present a federal question[,]" and therefore "belongs back in state court.") Though Houser asserts that the state court action implicates his Fourteenth Amendment rights and his rights under the Equal Protection Clause, these constitute defenses to the underlying state action, and the law is clear that subject matter jurisdiction in removed actions cannot be based on defenses to a claim, but only on the claims asserted in the complaint itself. *Caterpillar*, 482 U.S. at 393 (It is well settled "that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citing *Franchise Tax Bd.*, 463 U.S. at 12)). Accordingly, federal question jurisdiction cannot provide a basis for removal of this case to federal court.

Houser also removed this action based on diversity of citizenship and alleges that he is a citizen of Pennsylvania and WF Master is a citizen of Colorado. Given his acknowledgement of his Pennsylvania citizenship, removal is improper under the "forum defendant rule," which provides "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). *Ditech Financial LLC*, 2017 WL 4685186, at *2 (holding that "a defendant cannot remove if he is a citizen of the forum in which the case was filed") Houser alleges he is a citizen

of Pennsylvania, and this case was filed in Pennsylvania. Removal is thus improper under the forum defendant rule, requiring remand.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Houser's motion for leave to proceed *in forma pauperis* and grants WF Master's Motion to Remand. The case will be summarily remanded to the Court of Common Pleas of Northampton County for further proceedings.

A separate Order will be issued.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**